STATE OF MISSOURI, Appellant, v. H. C. EUBANKS, Respondent.

Kansas City Court of Appeals. November 11, 1912.

LOCAL OPTION: County Courts. The proceedings to procure an election to vote on the adoption of the Local Option Law were begun in the County Court of Randolph County, at Moberly by petition, and an election ordered. Afterwards, at Huntsville, the county court appointed the judges to hold such election. *Held*, that under the Act of the Legislature (1885, sec. 6) providing for the holding of terms of the county court at Moberly, the Local Option Law was not legally adopted.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*F. E. Murrill* for appellant.

*Whitecotton & Wight* for respondent.

BROADDUS, P. J.—The defendant was indicted at the October term, 1911, of the circuit court of Randolph county, charged with a violation of the Local Option Law. Defendant filed a plea in abatement to the indictment, wherein he attacked the legality of the proceedings in the adoption of the Local Option Law in the county.

Huntsville is the county seat of Randolph county. In 1885, the Legislature provided for holding four terms of the county court at Moberly, with like power and jurisdiction coextensive with said county, as pertains to similar courts of record in the state; and establishing a county clerk's office at Moberly, with a deputy clerk to be in charge of such office.

Section 6 reads as follows: "All the books, papers and records pertaining to matters and causes of action pending in said county court, and all business transacted in said county court at the city of Moberly shall be kept at the county clerk's office herein provided for, at the city of Moberly; and all business begun in said county court, at Moberly shall be proceeded with to final determination therein, unless removed out of said court according to law; but the parties to any matter or cause of action pending in said county court, at Moberly, may, by agreement in writing, signed by the parties or their attorneys, and filed in said court, remove the same into the county court at Huntsville in said county, and parties to any matter or cause of action pending in the county court at the

city of Huntsville, in said county, may, in like manner, remove the same into the county court at Moberly in said county, and said matter or cause of action, when so removed, shall be proceeded in as if it had originated in said court into which it is so removed; and in every such case the clerk of the county court may transfer the original papers on file in said matter or cause, with a certified copy of the record of entries in the same, into said court into which said matter or cause of action has been so removed, and the record in said cause shall show such removal and transfer.''

Upon the hearing of the special plea in abatement, it was shown that the proceedings to procure an election to vote on the adoption of the Local Option Law, were begun in the county court, held at Moberly, at its May term, 1898, by a petition filed in said court, and an election ordered to be held in the county on the 20th day of June, 1898. At the May term of the county court, held at Huntsville on the 25th of May, 1898, the county court appointed judges to hold said election ''to determine whether alcoholic liquors shall be sold therein,'' etc. Proof of publication of the notice of said election was made to the court, and the said court and clerk thereof cast up the result of said election, and declared the Local Option Law in force in the county outside of the limits of the cities of Huntsville and Moberly. It was not shown that the proceedings, after they had been instituted in the Moberly court, had been by order, transferred to the court at Huntsville.

The court sustained the plea in abatement and discharged defendant, and the state appealed.

While the act of the Legislature provided for four terms of the county court to be held at Moberly, having concurrent jurisdiction with the county court established at Huntsville, the county seat, in all matters pertaining to the jurisdiction of county courts, it made two separate courts, so that proceedings instituted in one court gave that court jurisdiction to the exclusion

of the other. In short, there were two separate county courts established in Randolph county, having concurrent jurisdiction. That is to say, the judges of the county court were required, in addition to holding court at Huntsville, to hold four terms at Moberly. Whereas, the two courts, having concurrent jurisdiction over certain matters, were nevertheless separate and distinct courts, located at different places, with distinct offices for the keeping of records.

Section 6 of the act establishing the courts provides that all business begun in either of said courts shall be proceeded with to a final determination, unless removed out of said court *"according to law."* What was meant by removal *according to law?* The act nowhere explains, and we know of no general law providing for the removal of business from one county court to another in the same county.

But the act is specific enough in one respect, as it provides for the removal of business by the written agreement of parties to any matter or cause. When the subject-matter is purely county business, there does not seem to be any good reason why it could not be transacted as well in one court as in another, and there would be no necessity for a change of courts to the proceedings. But, we can see that, as to parties having business in the county courts, one court would be preferable to the other on account of its proximity or some other convenience to them, for which reason a change would be desirable. Had there been two parties to the local option proceedings, they could have only been removed from Moberly to Huntsville by written agreement. If there were no two parties to the local option proceedings, then there is no law by which the change of jurisdiction of the matter could have been effected. So far as the record goes, the papers were merely taken from Moberly to Huntsville, where the business was concluded. If business, begun in one court, could be transferred merely by hand to

the other, and back and forth in that manner, and record entries made in whatever court the papers might be for the time being, the purpose of the law itself, in providing for the two courts, would be defeated, viz: that of convenience to the people residing in different parts of the county and most near to the place of holding one or the other of the two courts. Besides, the people have the right to know when and where the public business is to be transacted, and they could not know that such business, begun today at Moberly, would be resumed tomorrow at Huntsville if the change be made by hand, and not by entry of record.

Nothing has been suggested why the judgment of the trial court is not the only judgment possible under the facts. Affirmed. All concur